UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>       Plaintiff,<br><br> - against -<br><br>NBCUNIVERSAL MEDIA, LLC<br><br>       Defendant. | Docket No. 19-cv-447 (JMF)<br><br>**DECLARATION OF<br>RICHARD LIEBOWITZ** |

  I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

  1. I am lead counsel for plaintiff John Curtis Rice ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

  2. I submit this declaration in response to the Court's Order, dated May 2, 2019 [Dkt. # 25]

**Point I:**  **Rice's Infringement Claim is Meritorious**

  3. It is well-established that a copyright infringement claim lies where defendant's challenged use exceeds the scope or duration of a license. *See, e.g., Microsoft Corp. v. Harmony Computers & Elecs., Inc.*, 846 F. Supp. 208, 214 (E.D.N.Y. 1994) ("plaintiff's claim that defendants exceeded the scope of its license agreements states a claim for copyright infringement rather than breach of contract"); *Marshall v. New Kids On The Block P'ship*, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991) ("Case law in this Circuit indicates that a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds

either the duration or the scope of the license."); *Leutwyler v. Royal Hashemite Court of Jordan*, 184 F. Supp. 2d 303 (S.D.N.Y. 2001); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000).

4. Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful display of Plaintiff's registered photograph.

5. As its primary defense to the infringement claim, Defendant asserted that it was licensed to use the Photograph. Defendant filed an Answer (rather than a Rule 12 motion) and does NOT actually have a licensing agreement to establish this defense. Instead, it has an invoice, dated September 24, 2014, showing that Defendant paid Rice a fee of $200 for "Online Today show" use of the Photograph.

6. However, Rice maintains that the $200 fee only covered one-year of use and that Defendant exceeded the duration of the one-year license by continuing to display the Photograph on its website. Whether or not the parties had a "meeting of the minds" as to the duration of the license, particularly in the absence of any formal licensing agreement or merger clause, is a question of fact that remained to be litigated (but for settlement of the claim). As such, Rice's claim was and is meritorious and plainly meets the requirements of Rule 11.

**Point II:    Monetary Sanctions are Not Available Under Rule 11**

7. As noted in the previous paragraphs, Plaintiff's claim meets the Rule 11 requirements on both the law and the facts, as there exists both legal authority and factual basis to set forth a plausible claim for copyright infringement.

8. But even if the claim did not meet Rule 11 standards, a Court may not *sua sponte* issue an order to show cause under Rule 11 after the parties have settled their claim. Rule 11(c)(5)(B) provides:

> The court must not impose a monetary sanction ... on its own, unless it issued a show-cause order under Rule 11(c)(3) <u>before</u> voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned. Fed. R. Civ. P. 11(c)(5)(B).  (underline added)

As the Advisory Committee Notes explain, "[p]arties settling a case should not be subsequently faced with an unexpected order from the court leading to monetary sanctions that might have affected their willingness to settle or voluntarily dismiss a case." Fed. R. Civ. P. 11 , advisory committee notes (1993).

9. Here, the parties filed their stipulation of dismissal on May 1, 2019 pursuant to Rule 41(a)(1)(A)(ii). [Dkt. #20]  Pursuant to that Rule, a court order was not required to effectuate the dismissal of the action.

10. The Court's order to show cause under Rule 11 was not filed until May 2, 2019, after voluntary dismissal had been effectuated.  [Dkt. #25]  As such, monetary sanctions are not available under Rule 11.

**Point III:** **By Virtue of the Parties' Stipulation, Defendant is Precluded From Claiming Any Costs or Fees Resulting From This Litigation**

11. The Court's order to show cause asked Defendant to submit "all billing records and evidence of costs incurred as a result of this litigation" as a measure of monetary sanctions to be imposed.  [Dkt. #25]

12. However, the Court has overlooked that on May 1, 2019, Defendant signed and filed a stipulation with the Court agreeing to bear its own costs and fees. [Dkt. #20]. As such, Plaintiff or his counsel cannot be held liable for any fees and costs that Defendant has incurred to defend the action.

**Point IV:** **Sanctions Should Not Be Imposed Against Plaintiff's Counsel for Not Appearing at the Conference on May 2, 2019**

3

13. For the following reasons, I respectfully submit that sanctions should not be imposed for my non-appearance at the May 2, 2019 conference

14. <u>First</u>, once the Stipulation of Dismissal [Dkt. #20] was filed, I had a reasonable expectation that the Court would cancel the Rule 16 conference for the next day.  Indeed, this instance marks the only time that I can recall out of hundreds of cases filed where a Court declined to cancel a Rule 16 conference after the parties had settled the case.  Moreover, part of the basis for the parties' settlement was to avoid the costs of attending court.

15. <u>Second</u>, it was also my belief based on applicable authorities that once the parties had filed a voluntary dismissal on May 1, 2019, the Court lacked jurisdiction to conduct a Rule 16 conference. "A stipulated Rule 41(a)(1)(A)(ii) dismissal whose effectiveness is not conditioned on issuance of a court order retaining jurisdiction to enforce a settlement agreement is effective when filed, thereby divesting the court of jurisdiction and precluding its attempt to enforce the agreement." 27 No. 6 FEDERAL LITIGATOR.  A Rule 41(a)(1)(A)(ii) dismissal is self-executing and effective upon filing unless effectiveness is explicitly conditioned on a subsequent occurrence. The stipulation dismisses the case and divests the district court of jurisdiction. *See SmallBizPros, Inc. v. MacDonald,* 618 F.3d 458 (5th Cir. 2010), 10 Fed Lit 268.

16. While the Court does retain jurisdiction to impose sanctions after a case is dismissed, I do not believe that the Court's order [Dkt. #20], issued in the early morning just hours before the scheduled 10:45 a.m. conference, in which the Court converted the Rule 16 conference into a sanctions hearing, provided me fair notice or fair opportunity to respond.  I would not have had the time to research the applicable authorities or present my position at the hearing.  Accordingly, it would be unjust to impose sanctions against me for not appearing,

particularly given my good faith belief that the conference would be cancelled in light of the parties' dismissal of the case.

**Point V:** **Rice Made Good Faith Attempts to Comply With the Court's Order Regarding Meditation But Was Unable to Attend**

17. Sanctions should not be imposed for Rice's inability to attend mediation. Rice is a working-class photojournalist who depends on daily assignments for his daily bread. Despite repeated requests, he was not able to find the availability to take off a full day from work (even if the mediation was in the morning, he would not be given assignments that day).

**Point VI:** **There Has Been No Clear Showing – Nor Can There Be – of Bad Faith or Improper Motive to Support Sanctions under Section 1927 or the Court's Inherent Power**

18. Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996); *accord Oliveri,* 803 F.2d at 1273; *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000). Indeed, "[b]ad faith is the key element in the imposition of § 1927 sanctions...." *Wood v. Brosse U.S.A., Inc.,* 149 F.R.D. 44, 48 (S.D.N.Y.1993), which 'is highly unusual and requires a clear showing of bad faith," *First Interregional Equity Corp. v. Haughton,* 1994 WL 364038, at *4 (S.D.N.Y. July 13, 1994).

19. Similarly, in order to impose sanctions pursuant to its inherent power, "a district court must find that: (1) the challenged claim was without a colorable basis; and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (underline added).

20. Whether under the court's inherent power section 1927, bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have

been undertaken for some improper purpose such as delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Shafii,* 83 F.3d at 571 (internal quotation marks omitted)).

21. In addition to delay, examples of improper motivation include harassment, i.e., " a pattern of litigation designed to evade previous rulings," *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001), *aff'd*, 63 F. App'x 548 (2d Cir. 2003) or the "seeking [of] some collateral advantage or corresponding detriment to the [adverse party] which is outside the legitimate ends of process," *Bernard v. United States,* 25 F.3d 98, 104 (2d. Cir.1994). Other types of acts that would justify sanctions under the "bad faith" test of section 1927 include "resubmitting a motion that had previously been denied;" "bringing a motion based on 'facts' the opposite of which were previously found by the court;" "making several insupportable bias recusal motions and repeated motions to reargue;" "continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased;" and "waiting until the eve of trial before making a jury demand." *Hudson Motors Partnership v. Crest Leasing Enterprises,* 845 F.Supp. 969, 978 (E.D.N.Y.1994); *Keller v. Mobil Oil Corp.,* 55 F.3d 94, 99 (2d Cir.1995).

22. Thus, under controlling Second Circuit law, bad faith can only be inferred to establish the requisite second factor (i.e., improper purpose) where Defendant has made a clear showing that the purpose of the action is *collateral* to the prayer for relief sought or there is some kind of repeated and continuous failure on the part of an attorney to follow the Court's orders. But there is not a scintilla of evidence showing that my actions were motivated by a collateral purpose such as delay or harassment.

23. The Second Circuit holds that "[v]indication . . . [is a] legitimate motive[] for bringing a legal action." *Schlaifer Nance*, 194 F.3d at 339. As discussed *infra*, I filed the claim to vindicate Rice's interest in the Photograph – and for no other reason.

24. In short, Defendant cannot meet its burden of presenting clear and convincing evidence that I acted in bad faith or for an improper purpose in litigating Rice's case.

25. For the foregoing reasons, the Court should decline to impose sanctions in this case.

Dated: May 9, 2019
Valley Stream, New York

                Respectfully Submitted:

                **/richardliebowitz/**
                By: Richard Liebowitz
                LIEBOWITZ LAW FIRM, PLLC
                11 Sunrise Plaza, Ste. 305
                Valley Stream, NY 11580
                (516) 233-1660
                rl@liebowitzlawfirm.com

                *Counsel for Plaintiff John Curtis Rice*