UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>                    Plaintiff,<br><br>    v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>                    Defendant. | Case No.: 1:19-cv-447-JMF<br><br>**DECLARATION OF MARK LERNER** |

   I, MARK LERNER, hereby swear under penalty of perjury that the following is true and correct to the best of my personal knowledge:

   1.   I am lead counsel for defendant NBCUniversal Media, LLC ("Defendant" or "NBCUniversal") and am duly admitted to practice law in this District. I submit this declaration pursuant to the Court's Order, dated May 2, 2019 (Dkt. #25).

   2.   On May 1, 2019, the night before the initial pretrial conference, Plaintiff voluntarily dismissed this action with prejudice.  (Dkt. #23.)  Defendant had produced the evidence supporting its complete license defense in mid-March, and the parties had exchanged no further evidence in the intervening seven weeks.  Instead, as set forth more fully below, during that time, Plaintiff and his counsel failed to withdraw a central complaint allegation despite acknowledging it to be false (Dkt. #1, Complaint ¶ 11; *see* Dkt. #16 at 1), failed to obey the Mediation Referral Order's production requirements (Dkt. #7), or respond to communications from the Mediation Office.  Then, on May 2, Plaintiff's counsel failed to appear at the initial pretrial conference, despite the Court's order expressly reaffirming his obligation to do so (Dkt. #22).  Defendant submits that the totality of this unreasonable and

vexatious conduct warrants sanctions pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority.[1]

3. As noted in *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), cited by Plaintiff, "'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." (*quoting Hall v. Cole*, 412 U.S.1, 15 (1973)).

4. Plaintiff's actions meet this standard. While Mr. Liebowitz states in his Declaration (Dkt. #26) that the claim was meritorious and not in bad faith because a claim for exceeding a license sounds in copyright infringement, the Complaint (Dkt. #1) does not allege that Defendant exceeded the scope of a license. Rather, it alleged that "NBC **did not license** the Photograph from Plaintiff for its article, nor did NBC have Plaintiff's permission or consent to publish the Photograph on its Website." (Dkt. #1, Complaint ¶ 11) (emphasis added). The clear meaning of this allegation is that there was no license *at any time*.

5. Plaintiff, however, acknowledges that there was an invoice for $200 for "online Today show" use of the Photograph. (Dkt. #26 ¶ 5; *see* Dkt. #16 at 1 (referring to the "license [Plaintiff] granted")). A copy of the invoice is annexed hereto as Exhibit A.

6. Within a week after service of the Complaint, Defendant produced the invoice to Mr. Liebowitz as evidence of the license and its valid complete defense to the claim of copyright infringement. In response, Mr. Liebowitz did not initially advise that Plaintiff was always aware of the license but it was only for one year and had been exceeded. Rather, he took

---

[1] The parties' stipulation as to fees and costs (*see* Dkt. #22) does not preclude the Court from issuing sanctions against Plaintiff. Further, while Rule 11(c)(5)(B) may prevent the Court from issuing monetary sanctions *under that rule* due to the timing of its show-cause order, it does not preclude *non*-monetary sanctions, nor does it preclude monetary sanctions pursuant to other rules, statutes, or the Court's inherent authority. *See Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1363497, at *2 (S.D.N.Y. March 15, 2018) (Cote, J.) (affirming monetary and non-monetary sanctions against Mr. Liebowitz under Rule 11 and its inherent authority where court issued Rule 11 show-cause order after being informed of settlement in principle).

3215119_3

the information under advisement to discuss with his client.  Only subsequently did counsel take the position that the license was for one year and had been exceeded.

7. At no time did Plaintiff produce any documentary evidence to support his position—no email communications regarding the license, no similar one-year agreements with Defendant or any other parties, nor any documentation of any kind—nor did Plaintiff ever amend his Complaint to correct the allegation that there was no license or permission to publish the Photograph whatsoever.

8. While Plaintiff now disingenuously suggests that Defendant does not "actually have a licensing agreement to establish its defense of a license" (Dkt. #26 ¶ 5), the invoice is clear evidence of a meeting of the minds as to "Plaintiff's permission or consent to publish the Photograph on its Website," in direct contravention of the Complaint.  Moreover, in the absence of a term in an agreement, the law will assume that the term is for the duration of copyright. *P.C. Films Corp. v. MGM/UA Home Video, Inc.*, 138 F.3d 453, 458 (2d Cir. 1998); *TV Globo Ltda. v. Brazil Up-Date Weekly, Inc.*, 1999 WL 163378, at *2 (S.D.N.Y. Mar. 23, 1999).

9. In addition, by the time the Complaint was served, a Mediation Referral Order had issued (Dkt. #7).  Pursuant to this Order, Plaintiff was "to produce to Defendant, by the earlier of 14 days after service of process or three business days in advance of any mediation session, (1) copies of records sufficient to show the royalty paid the last three times the picture at issue in this case was licensed and (2) the number of times the picture was licensed in the last five years."  Plaintiff never produced that information, despite Defendant's repeated requests.

10. Moreover, with regard to the participation in mediation, Mr. Liebowitz neglects to note in his Declaration that he did not respond to the requests of the Mediation Office to respond regarding the status of the matter and possible dates for mediation.  Even if his client

was unavailable in advance of the deadline for mediation, Mr. Liebowitz could have responded to emails sent by the mediation office on March 26, 2019 and March 29, 2019 to advise the office of the difficulty finding a date for his client or perhaps to seek an extension of the mediation deadline or even the initial pretrial conference. Instead, Mr. Liebowitz simply did not respond, leading to the Mediation Office closing the referral as a "refusal to participate in mediation."

11. Nonetheless, until the eve of the initial pretrial conference, Plaintiff continued to press for settlement, despite the evidence of a valid license.

12. Plaintiff's refusal to dispose of this litigation in the face of evidence of a valid license, lack of evidence as to its purported one-year duration, failure to engage with the Mediation Office, and insistence on settlement until the eve of the initial pretrial conference needlessly delayed and proliferated this litigation and caused Defendant to expend fees in defense of an untenable claim.

13. Counsel submits that it spent the following time[2] on this matter:

Attorneys (partner and associate) – 25.9 hours - $12,419.50

Paralegal – 1.3 hours - $234

This time represents time spent investigating the allegations in the complaint, producing the license to Plaintiff, negotiating with Plaintiff, drafting and filing an answer, considering the potential basis for an early motion for summary judgment, researching and preparing a letter to Plaintiff regarding his obligations under Rule 11, preparing a joint letter to the Court and a case management plan for the initial pretrial conference, preparing for the initial conference, attending the initial conference and responding to the Court's order to show cause in the wake

---

[2] Counsel has an alternative fee arrangement with Defendant, so this represents only standard billable value of the time spent.

of the Plaintiff's eleventh hour dismissal of the action and ongoing communications with the Defendant regarding all of the foregoing.

14. Defendant respectfully submits to the Court's discretion the appropriate sanction(s) in this matter, whether monetary or non-monetary, under 28 U.S.C. § 1927, its inherent power and Rules 11and 16 of the Federal Rules of Civil Procedure.

Dated: May 16, 2019
       New York, New York

By: _____
Mark Lerner
Satterlee Stephens LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200
mlerner@ssbb.com

*Attorneys for Defendant NBCUniversal Media, LLC*