UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>       Plaintiff,<br><br> - against -<br><br>NBCUNIVERSAL MEDIA, LLC<br><br>       Defendant. | Docket No. 19-cv-447 (JMF)<br><br>**REPLY DECLARATION OF RICHARD LIEBOWITZ** |

  I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

  1. I am lead counsel for plaintiff John Curtis Rice ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

  2. I submit this declaration in further response to the Court's Order, dated May 2, 2019 [Dkt. # 25] and in reply to Defendant's declaration in support of fees [Dkt. #27]

**Point I:** **Rice's Infringement Claim is Meritorious**

  3. It is well-established that a copyright infringement claim lies where defendant's challenged use exceeds the scope or duration of a license. *See, e.g., Microsoft Corp. v. Harmony Computers & Elecs., Inc.*, 846 F. Supp. 208, 214 (E.D.N.Y. 1994) ("plaintiff's claim that defendants exceeded the scope of its license agreements states a claim for copyright infringement rather than breach of contract").

  4. Defendant claims that because Plaintiff's invoice was silent as to duration, the law presumes duration of the license will extend through the life of the copyright. *P.C. Films Corp.*

*v. MGM/UA Home Video Inc.*, 138 F.3d 453, 458 (2d Cir. 1998) ("Under copyright law, where a contract is silent as to the duration of the grant of copyright rights, the contract is read to convey rights for the initial copyright period only").

5. However, as noted in my initial declaration, there was no contract here. There was merely an invoice. If NBC wanted a long-term license, then it was incumbent upon NBC to secure a proper license for the appropriate duration. Rice's custom and practice is to grant rights for a year. As such, Rice's claim was and is meritorious and plainly meets the requirements of Rule 11.

**Point II:**   **Defendant Concedes that Monetary Sanctions are Not Available Under Rule 11**

6. Defendant acknowledges that it cannot recover its fees under Rule 11, but instead urges the Court to impose non-monetary sanctions. [Dkt. # 27, fn. 1]. The Court should decline to do so because, as explained infra, Rice's claim was meritorious.

**Point III:**   **Defendant Has Failed to Provide Clear and Convincing Evidence That Liebowitz Acted in Bad Faith So As to Support Sanctions Under Section 1927 or the Court's Inherent Powers**

7. Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996); *accord Oliveri,* 803 F.2d at 1273; *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000). Similarly, in order to impose sanctions pursuant to its inherent power, "a district court must find that: (1) the challenged claim was without a colorable basis; <u>and</u> (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (underline added).

8.     Here, the only "evidence" that defendant has proffered concerning alleged bad faith conduct is a disagreement amongst attorneys concerning the duration of the license granted. A dispute regarding the merits of the claim is not grounds for sanctions under section 1927 or the Court's inherent power. The Second Circuit holds that "[v]indication . . . [is a] legitimate motive[] for bringing a legal action." *Schlaifer Nance*, 194 F.3d at 339.  As discussed *infra*, I filed the claim to vindicate Rice's interest in the Photograph – and for no other reason.

9.     For the foregoing reasons, the Court should decline to impose sanctions under section 1927 or the Court's inherent powers.

**Point IV:**     **Defense Counsel's Billing Submissions are Not Reliable Nor Proper and, In Any Event, Are Grossly Excessive**

10.     In the Second Circuit, fee awards are calculated using the "presumptively reasonable fee" approach. *Arbor Hill Concerned Citizens Neighborhood Ass 'n v. Cnty. Of Albany*, 522 F.3d 182, 189 (2d Cir. 2008). In considering the reasonableness of a fee award, a court should consider both the reasonableness of the hourly rates and the reasonableness of the hours spent. *See Kingvision Pay-Per-View Ltd v. Zalazar*, 653 F. Supp. 2d 335, 343 (S.D.N.Y. 2009). This method is generally referred to as the "lodestar." See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . ."). The "lodestar" is calculated by multiplying "a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)

11.     The Second Circuit has established a "hard and bending rule" requiring submission of contemporaneous time records on fee applications, "from which attorneys may deviate only in the rarest of cases." *Scott v. City of N.Y.*, 626 F.3d 130, 133 (2d Cir. 2010)

3

(citation omitted); *see also id.* (noting that after 1983 "there are few examples of this court permitting a district court to award fees in the absence of full contemporaneous records").

12. Hourly rates are deemed reasonable when they are in line with the rates prevailing in the district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 CIV. 2493 KBF, 2014 WL 4792082, at *1 (S.D.N.Y. Sept. 24, 2014); see also *Arbor Hill*, 522 F.3d at 192 (courts "should generally use 'the hourly rates employed in the district inwhich the reviewing court sits in calculating the presumptively reasonable fee'") (citation omitted); *Galeana v. Lemongrass on Broadway Corp.*, No. 10 Civ. 7270 (GBD) (MHD), 2014 WL 1364493, at *13 (S.D.N.Y. Apr. 4, 2014) (in determining whether a fee is reasonable, "the court may [also] consider rates approved in prior cases and the court's own knowledge of reasonable rates in the district.") (citing *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)).

13. "Courts base the hours inquiry not on what appears necessary in hindsight, but on whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Mugavero v. Arms Acres, Inc.*, No. 03-cv-5724 (PGG), 2010 WL451045, at *6 (S.D.N.Y. Feb. 9, 2010) (citation and internal quotation marks omitted).

14. Here, the Court's order to show cause asked Defendant to submit "all billing records and evidence of costs incurred as a result of this litigation" as a measure of monetary sanctions to be imposed. [Dkt. #25]

15. In response, defense counsel provided a block-billing summary indicating as follows: "Attorneys (partner and associate) – 25.9 hours - $12,419.50; Paralegal – 1.3 hours - $234." [Dkt. #27, ¶ 13] Based on defense counsel's submission, there is no way to determine the hourly rate charged by the attorneys involved nor why such an hourly rate would be justified by

the particular defense attorneys who provided representation.  Further, there is no way to determine how many hours were billed per task.  This submission is fatally flawed and warrants complete denial of any fees.

    16.    Even if the Court were to credit defense counsel's submission, defense counsel could not have billed more than 5.0 hours at rate of $250/hr. in representing the defendant, consisting of as follows:

| Defense Task | Reasonable Time Expended | Total (@ $250/hr.) |
|---|---|---|
| investigating the allegations in the complaint | 0.5 hrs. | $125 |
| producing the license to Plaintiff | 0.1 hrs. | $25 |
| negotiating with Plaintiff | 0.3 hrs. | $75 |
| drafting and filing an answer | 1.0 hr. | $250 |
| considering the potential basis for an early motion for summary judgment | 0.3 hrs. | $75 |
| researching and preparing a letter to Plaintiff regarding his obligations under Rule 11 | 1.0 hr. | $250 |
| preparing a joint letter to the Court and a case management plan for the initial pretrial conference | 1.0 hr. | $250 |
| preparing for the initial conference | 0.3 hr. | $75 |
| attending the initial conference | 0.5 hr. | $125 |
| **TOTAL** | 5.0 hr. | $1250.00 |

17. Any paralagel services could not have reasonably exceeded $50.  Accordingly, defense counsel could not have incurred more than $1300.00 in total fees and costs to defend NBC in this action.

**Point VI:** **Any Sanctions Imposed Under Rule 16 Should be Limited to $125 (the Fees Incurred by Defense Counsel to Attend the Rule 16 Conference)**

18. Finally, if the Court were to impose sanctions against me for not attending the Rule 16 initial case management conference, then any sanctions should be limited to the fees incurred by defendant for its attorney to attend.  As indicated above, this would be $125.

Dated: May 21, 2019
Valley Stream, New York

                                            Respectfully Submitted:

                                            **/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff John Curtis Rice*