```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOHN CURTIS RICE,

                Plaintiff,

         v.                            19 CV 447 (JMF)

NBCUNIVERSAL MEDIA, LLC,
                                       Conference
                Defendant.

------------------------------x
                                       New York, N.Y.
                                       May 2, 2019
                                       10:55 a.m.

Before:

         HON. JESSE M. FURMAN

                                       District Judge




         APPEARANCES


SATERLEE STEPHENS LLP
     Attorneys for Defendant
BY:  MARK A. LERNER
```

1           (Case called)

2           THE COURT: Good morning to you, Mr. Lerner. Thank you for being here despite the fact that you probably thought you were off the hook.

5           MR. LERNER: I did.

6           THE COURT: Mr. Liebowitz is not here. We just contacted his office and got somewhat conflicting information about whether he was out of town or on his way. Be that as it may, I'm here, you're here. Can you tell me what exactly happened. I will deal with Mr. Liebowitz separately, but I'd like to understand what happened here.

12          I got the request to reschedule the case from this afternoon to this morning yesterday, which was quite late and, frankly, a little bit perfunctory in nature, not from you but from him. Then within hours you seem to have settled the case. I'm disturbed by that.

17          I'm disturbed by your letter indicating that Mr. Liebowitz didn't comply with my orders regarding mediation and the like. I would like to figure out what's going on here and get some answers. Most of those need to come from him not from you, but I figured I would ask you what's going on.

22          MR. LERNER: I can give you background and what led up to my understanding of what happened last night. Upon receipt of the complaint, my client did an investigation and determined that in fact he had a license for the photograph at issue. We

immediately contacted Mr. Liebowitz and said we have a license, will you drop the case. The response was no, we won't. Why not? Because it's only a one-year license.

I said, on the face of the license it just says it's for online use, "for online Today Show use of the following image of raccoon capture." There was payment made. We said, look, it just says online; there is no term of limitation; as far as we are concerned, it is for the term of the copyright.

He maintained that it was for one year, that that is the practice of his client. I said, give me some evidence to the extent that that was communicated in any way to my client or a condition of this invoice, and nothing was ever forthcoming.

That's basically where it stood. There were communications back and forth subsequent to that. No information other than my client will testify at deposition. This was for a year before they were forthcoming. We said you should just withdraw here, we are not going to pay money for a photograph for which we had a license.

Plaintiff came down in their demands as recently as Monday, I guess it was, halved the demand, and said let's just get this done before Thursday's conference. Defendant maintained that there was a license and no reason to settle this case just because Mr. Liebowitz's client had saw fit to file an action here and didn't have any information as to why

1  it was one year.
2        His position was you should settle because that is
3  ultimately going to be a question of fact, we are going to
4  waste the Court's time on Thursday, it's silly, just put
5  something up and let's get this done.  We steadfastly refused
6  on the grounds that we had a license and there was no need to
7  pay off the plaintiff here.
8        Yesterday afternoon that continued to be our position.
9  I got a call, I don't remember what time, probably shortly
10 before the letter requesting the adjournment was filed, asking
11 me if I had any problem moving the conference from 3:45 to
12 10:45.  I said no, my schedule was clear.  Mr. Liebowitz
13 sounded like he had contacted the Court already and the Court's
14 calendar was clear, so if I consented it could go forward.  I
15 said fine.  He submitted the letter that you saw.
16        THE COURT:  Do you know why he made that request?
17        MR. LERNER:  I do not know.  All I know is the same
18 thing you know from the letter.  He didn't give me a reason for
19 the call.  He just said can you do it at 10:45.  I said yes.  I
20 didn't feel a great need to inquire if that was going to be his
21 request.
22        Then I would say at 8:30 or so last night I received a
23 communication from Mr. Liebowitz saying, I further discussed
24 this with my client, we are going to withdraw, will you give
25 consent.  I said good, that's what should have happened ages

1  ago, of course we will give consent if you withdraw with
2  prejudice. I signed the stipulation, and I saw that he filed
3  it around 11 o'clock along with a request to adjourn or cancel
4  the conference given that he was withdrawing.
5        THE COURT: I intend to make Mr. Liebowitz answer for
6  some of this conduct. I can do that on my own initiative with
7  an order to show cause why he shouldn't be sanctioned pursuant
8  to rule 11 for both filing what may well be a lawsuit with
9  absolutely no merit to it; and certainly after you brought to
10 his attention the fact that you had a license, a license that
11 was not limited on its face to any particular term, persisting
12 in that lawsuit and seeking to extract what seems to me like
13 some sort of extortionate type settlement; for his failure to
14 adhere to my orders, including the order for mediation prior to
15 this conference; and for failure to show up at this conference.
16       MR. LERNER: I will note on the mediation front that I
17 left out of the narrative that there were early conversations.
18 The mediation office did reach out. I conferred with my client
19 about possible dates. Overall, our attitude is we are always
20 willing to talk. I'm not sure how much sense it would have
21 made in this case given the fact that we had a license and
22 didn't see any issues there.
23       Certainly in the face of your order we were willing to
24 talk to the mediator. We may have wanted some discovery before
25 doing so. When the mediation office reached out, we reached

1  out and tried to get a phone call together with both attorneys
2  and the mediation office.  Mr. Liebowitz did not respond to the
3  mediation office, leading to the subsequent closing of that
4  file by the mediation office.
5       I will say also that despite repeated requests for the
6  information that was supposed to be turned over in connection
7  with mediation as far as the use of the photograph and
8  licensing, we didn't receive that.  It was only I believe this
9  week that we were advised that the photograph was paid for
10 based on a day rate with a publication where it was being
11 published.  There was no documentation related to that.  It was
12 just an oral representation that finally came this week, again
13 in the context of let's just get this done.
14       THE COURT:  That's helpful and I would say reinforces
15 my intent to issue an order to show cause here.  Let me ask you
16 how you would want to weigh in.  At a minimum, I'm going to
17 want information from you concerning the amount of attorney's
18 fees and costs that you have incurred in connection with this
19 matter from beginning to end as far as I'm concerned.
20       I could do that up front.  I could to that by way of
21 giving you an opportunity to respond to whatever his submission
22 is in response to an order to show cause.  I could have you
23 make a motion rather than issuing an order to show cause.  What
24 are your thoughts?
25       MR. LERNER:  I'm happy to do whatever works best for

1  the Court with the understanding that the more that our work

2  proliferates, the more fees and costs are building up, which I

3  would hope would be taken into account in connection with

4  whatever the Court does by way of a sanction.

5              THE COURT:  Certainly if I impose sanctions and order

6  them to pay your costs, that will be taken into account.  What

7  I will do is issue an order to show cause and put the burden on

8  him in the first instance to show cause why sanctions shouldn't

9  be imposed, and have you respond to that if you like.  At a

10 minimum tell me what your costs were and submit your billing

11 records and what-have-you.  And to the extent that you want to

12 weigh in beyond that, I'll give you an opportunity to be heard

13 as well.  All right?

14             MR. LERNER:  Sounds good.

15             THE COURT:  I'll issue an order to that effect.  I

16 will sign the stipulation of dismissal retaining jurisdiction

17 to adjudicate any sanctions issues, but in that sense the

18 claims will be dismissed.

19             Thank you for showing up.  I appreciate it.  To be

20 continued.

21             (Adjourned)

22

23

24

25