# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

July 24, 2019

<u>VIA ECF</u>

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Rice v. NBCUniversal Media, LLC,</u> 1:19-cv-00447 (JMF)

Dear Judge Furman:

We represent Plaintiff J.C. Rice in the above-captioned case. We respectfully submit this letter in support of my motion to reconsider the Court's order, dated July 10, 2019 in which the Court imposed a sanction of $8,745.50 against me and my firm, Liebowitz Law Firm, PLLC. [Dkt. #36]. The amount of sanctions awarded reflects the attorneys' fees purportedly incurred by Defendant NBCUniversal, LLC between April 18, 2019 and May 16, 2019.

Because the Court has overlooked a Stipulation and Order on the record [Dkt. #23] in which Defendant expressly agreed in writing to bear its own costs, expenses and attorneys' fees in connection with this litigation, the Court should vacate its Order on grounds that Defendant has voluntarily waived its right to recover attorneys' fees.

## LEGAL STANDARD

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment





or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id.*, citing *International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

**ARGUMENT**

"[W]aiver is the voluntary or intentional relinquishment of a known right, or intentional conduct inconsistent with claiming such a right." *Torain v. Clear Channel Broad., Inc.*, 651 F. Supp. 2d 125, 145 (S.D.N.Y. 2009); *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 482 (2d Cir. 2004). Accordingly, "[i]ntent is the key element in establishing waiver." *Id.* at 146 (citation omitted).

Here, on May 1, 2019, Defendant entered into a Stipulation in which it agreed "to bear its own costs, expenses and attorneys' fees" in consideration for a voluntary dismissal of the action [Dkt. #20]. The Stipulation was so ordered by the Court on May 2, 2019. [Dkt. #23] Defendant is a largescale corporation represented by sophisticated counsel. There is no record evidence showing that Defendant did not understand the terms of the Stipulation it signed or was otherwise coerced into entering the Stipulation. If Defendant truly believed that the case lacked merit on the basis of a license defense, it could have filed a Rule 12 motion to dismiss the complaint and sought its fees as a prevailing party under section 505 of the Copyright Act. But it declined to take such action. Instead, Defendant voluntarily agreed to bear its own costs and fees in exchange for a voluntary dismissal of the case.

As a result of entering into the Stipulation, Defendant intentionally relinquished any claim to recover attorneys' fees or costs in connection with this action. As such, the Court's award of attorneys' fees to Defendant, dated July 10, 2019 [Dkt. #36] stands in conflict with the Stipulation and Order, dated May 2, 2019 [Dkt. #23] because Defendant had already waived any claim to attorneys' fees as a matter of law.

We cited this evidence in the Declaration of Richard Liebowitz [Dkt. #26, ¶ 12]; but, apparently it was overlooked because the Court did not address the Defendant's express stipulation in its sanctions order of July 10.

In sum, because Defendant expressly waived its right to recover attorneys' fees in connection with this case, the Court's fee award in the amount of $8,745.50 should be vacated in its entirety.



Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff J.C. Rice*