UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,

                          Plaintiff,

- against -

NBCUNIVERSAL MEDIA, LLC

                          Defendant.

Case No. 19-cv-00447 (JMF)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff John Curtis Rice ("Plaintiff" or "Rice"), via counsel, respectfully submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated July 10, 2019, which imposed a sanction of $8,745.50 against Plaintiff's counsel, Richard Liebowitz and Liebowitz Law Firm, PLLC, jointly and severally. [Dkt. #36]. The amount of sanctions awarded reflects the attorneys' fees purportedly incurred by Defendant NBCUniversal, LLC between April 18, 2019 and May 16, 2019.

Because the Court has overlooked a Stipulation and Order on the record [Dkt. #23] in which Defendant expressly agreed in writing to bear its own costs, expenses *and* attorneys' fees in connection with this litigation, the Court should vacate its Order on grounds that Defendant has voluntarily waived its right to seek attorneys' fees.

## **LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide

relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

"[W]aiver is the voluntary or intentional relinquishment of a known right, or intentional conduct inconsistent with claiming such a right." *Torain v. Clear Channel Broad., Inc.*, 651 F. Supp. 2d 125, 145 (S.D.N.Y. 2009); *Capitol Records, Inc. v. Naxos of Am., Inc*., 372 F.3d 471, 482 (2d Cir. 2004). Accordingly, "[i]ntent is the key element in establishing waiver." *Id.* at 146 (citation omitted).

Circuit courts have ruled that attorneys' fees can be waived by a stipulation of dismissal. *Brown v. General Motors Corp.,* 722 F.2d 1009, 1012 (2d Cir.1983) (holding that a settlement agreement using broad language to effect a mutual release of claims and accompanied by

3

a stipulation that the case be dismissed "without costs to any party" "is, absent circumstances indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees."); *see also Mitchell v. City of Los Angeles*, 753 F.2d 86, 87 (9th Cir. 1984) (finding that attorneys' fees were waived by virtue of stipulation of dismissal).

Here, on May 1, 2019, Defendant entered into a Stipulation in which it agreed "to bear its own costs, expenses and attorneys' fees" in consideration for a voluntary dismissal of the action [Dkt. #20]. The Stipulation was so ordered by the Court on May 2, 2019. [Dkt. #23]

Defendant is a largescale corporation represented by sophisticated counsel. There is no record evidence showing that Defendant did not understand the terms of the Stipulation it signed or was otherwise coerced into entering the Stipulation. If Defendant truly believed that the case lacked merit on the basis of a license defense, it could have filed a Rule 12 motion to dismiss the complaint and sought its fees as a prevailing party under section 505 of the Copyright Act. But it declined to take such action.

Instead, Defendant voluntarily agreed to waive its own costs and fees in exchange for a voluntary dismissal of the case under Rule 41. Defendant received the benefit-of-the-bargain when the Court dismissed the case with prejudice [Dkt. #23]. Defendant's post-stipulation request for fees amounts to an unlawful double recovery, as Defendant received the benefit of a voluntary dismissal of the action by stipulation plus its fees via sanctions (even though it offered to waive fees as consideration for obtaining the dismissal).

As a result of entering into the Stipulation, Defendant intentionally relinquished any claim to recover attorneys' fees or costs in connection with this action. As such, the Court's award of attorneys' fees to Defendant, dated July 10, 2019 [Dkt. #36] stands in direct conflict with the Stipulation and Order, dated May 2, 2019 [Dkt. #23] because Defendant had already waived any

4

claim to attorneys' fees as a matter of law.

Liebowitz cited the evidence of the Stipulation in the Declaration of Richard Liebowitz [Dkt. #26, ¶ 12]; but, apparently it was overlooked because the Court did not address the Defendant's express stipulation in its sanctions order of July 10.

## **CONCLUSION**

In sum, because Defendant expressly and voluntarily waived any right or claim to recover attorneys' fees or costs in connection with this case, as consideration for dismissal of the action with prejudice, the Court's fee award in the amount of $8,745.50 should be vacated in its entirety.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff J.C. Rice*