UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,

                Plaintiff,

    v.

NBCUNIVERSAL MEDIA, LLC

                Defendant.

Case No.: 19-CV-00447 (JMF)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT

**SATTERLEE STEPHENS LLP**
*Attorneys for Defendant NBCUniversal Media, LLC*
230 Park Avenue
11th Floor
New York, New York 10169
(212) 818-9200

Defendant NBCUniversal Media, LLC ("NBCUniversal" or "Defendant") submits this memorandum of law in opposition to Plaintiff John Curtis Rice's ("Rice" or "Plaintiff") motion for reconsideration or reargument of this Court's July 10, 2019 order [Dkt. #36 (the "Sanctions Order")] pursuant to Local Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiff seeks reconsideration of the Sanctions Order on the basis that the Court "overlooked" the parties' stipulation of voluntary dismissal [Dkt. #23 (the "Stipulation")], in which each party agreed to bear its own costs and attorneys' fees. But Plaintiff's argument itself overlooks the settled case law. Federal courts have the power to issue sanctions under the Federal Rules of Civil Procedure and their inherent authority, regardless of any agreement between the parties.[1] Nowhere in the Stipulation did NBCUniversal agree to relieve Plaintiff or his counsel from Court-issued sanctions, application of the Federal Rules of Civil Procedure, or the inherent power of the Court – nor could it have done so. Any such agreement between two parties limiting this Court's authority and jurisdiction would quite obviously be invalid as a matter of law and public policy. Accordingly, Plaintiff's motion should be denied in its entirety.

**ARGUMENT**

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wilder v. News Corp.*, No. 11 CIV. 4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (citation and quotation marks omitted). The grounds for granting reconsideration are an intervening change in controlling law, new evidence or the "need to correct a clear error or

---

[1] Because Plaintiff has chosen to expend resources on this meritless motion, Defendant NBCUniversal respectfully requests the Court grants the Defendant its attorneys' fees, or alternatively, sanctions, for opposing this motion. Defendant's counsel is fully prepared to submit time records should the Court require.

2

prevent manifest injustice." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009), *citing Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Accordingly, a request for reconsideration under Local Rule 6.3 must demonstrate "controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.* "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." *Wilder*, at *4 (citations omitted).

As set forth below, Plaintiff's motion falls far short of this standard and should therefore be denied.

## I. NBCUNIVERSAL DID NOT AND CANNOT WAIVE THE COURT'S RULES OR INHERENT AUTHORITY TO SANCTION PARTIES

Plaintiff's counsel argues that Defendant has waived its right to attorneys' fees by entering into a stipulation of dismissal. However, as the Second Circuit held, a voluntary dismissal "does not preclude the district court from considering collateral issues such as sanctions." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014); *see also Blauinsel Stiftung v. Sumitomo Corp.*, 88 F. App'x 443 (2d Cir. 2004) (district court's imposition of sanctions against trust and its attorney after voluntary dismissal of trust's antitrust action against competitors was not abuse of discretion). The Second Circuit has gone as far as to hold that arbitrators have the authority to award attorneys' fees as sanctions, even where both parties have agreed to bear the expenses of their own attorneys. *See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81 (2d Cir. 2009).

Here, Plaintiff's claim that NBCUniversal has waived its right to attorneys' fees or sanctions for fees because it entered into a stipulation of dismissal is meritless because a party cannot waive the Court's power to impose sanctions based on the inherent authority of the Court or the Federal Rules of Civil Procedure. As evidenced by the plain language of the Stipulation, the parties never agreed to waive any sanctions imposed by the Court pursuant to the Rules or the Court's inherent authority, nor did they have the power to do so.[2]

Plaintiff's cases cited in his motion are inapplicable. Neither *Brown v. General Motors Corp,* 722 F.2d 1009 (2d Cir. 1983) nor *Mitchell v. City of Los Angeles,* 753 F.2d 86 (9th Cir. 1984), addressed the Court's ability to issue sanctions, whether pursuant to the Federal Rules or the Court's inherent authority. In both of these cases, attorneys sought fees pursuant to prevailing party statutes despite settlement agreements waiving any claims for fees. The award of attorneys' fees as *sanctions* for misconduct, as used here, was not an issue in either case. As discussed above, that use is squarely within the Court's authority regardless of any agreement between the parties.

## II. THE COURT DID NOT OVERLOOK PLAINTIFF'S ARGUMENT ON THIS MOTION

Plaintiff is also incorrect in his assertion that the Court overlooked the Stipulation when it issued the order for sanctions. On the contrary, the Court was well aware of the stipulation between the parties and explicitly referred to it in the Sanctions Order. [Dkt. #36 at 3, 4.]

---

[2] In his motion, Plaintiff's counsel also incorrectly asserts that NBCUniversal "could have filed a Rule 12 motion to dismiss the complaint" and "sought its fees as a prevailing party" under the Copyright Act. [Dkt. #40 at 4.] A motion to dismiss under Rule 12(b)(6) requires that the allegations in the complaint be accepted as true. In his complaint, Plaintiff had specifically pled that Defendant did not have a license agreement. When Defendant discovered this allegation was false, it sought to have Plaintiff withdraw the complaint, or at least amend it to reflect the newly adopted allegation that Defendant had exceeded a one-year license, but Plaintiff initially refused, maintaining that the Complaint was correct. [Dkt. #27 ¶¶ 4-7.] Filing a Rule 12 motion in this matter would have wasted the Court's resources and resulted in unnecessary attorneys' fees.

4

Indeed, it appears that the Court already considered and rejected the argument made by Plaintiff that Defendant waived its right to attorneys' fees via the Stipulation, as the Court made clear that the award of attorneys' fees were being imposed as *sanctions* pursuant to the Federal Rules of Civil Procedure and its inherent authority to sanction parties. *Id*. at 4-14.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's motion for reconsideration or reargument and that the Court grant any other relief it deems proper.

Dated: August 1, 2019
      New York, New York

                            SATTERLEE STEPHENS LLP

                            By: /s/ Mark Lerner
                                  Mark Lerner
                            230 Park Avenue
                            11th Floor
                            New York, New York 10169
                            (212) 818-9200
                            mlerner@ssbb.com
                            *Attorneys for Defendant NBCUniversal Media, LLC*