UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,

                          Plaintiff,

- against -

NBCUNIVERSAL MEDIA, LLC

                          Defendant.

Case No. 19-cv-00447 (JMF)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff John Curtis Rice ("Plaintiff" or "Rice"), via counsel, respectfully submits this reply memorandum of law in further support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated July 10, 2019, which imposed sanctions on Plaintiff's counsel, Richard Liebowitz and Liebowitz Law Firm, PLLC, jointly and severally, in the form of Defendant's attorneys' fees and costs.

## **ARGUMENT**

### THE COURT HAS THE INHERENT POWER TO SANCTION LIEBOWITZ THROUGH OTHER MEASURES, BUT CANNOT AWARD FEES AS A RESULT OF DEFENDANT'S EXPRESS WAIVER

In its opposition brief, Defendant contends that the Court can shift fees to Defendant even though Defendant expressly waived any claim to recover its fees by way of Stipulation and Order. Specifically, Defendant argues that "a party cannot waive the Court's power to impose sanctions based on the inherent authority of the Court or the Federal Rules of Civil Procedure." [Opp. Memo, Dkt. # 41, p. 4]

However, Liebowitz's motion for reconsideration (or to vacate) does not argue that Defendant waived the Court's power to impose sanctions. Liebowitz recognizes that the Court has the power and jurisdiction to sanction attorneys. For example, in *Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1363497 (S.D.N.Y. March 15, 2018), the court ordered Liebowitz to pay $2,000 to the Clerk of Court and complete a CLE course (rather than having to pay defendant's attorneys' fees).

The question before the Court is whether the *form* of sanctions may include attorneys' fees where the requesting party has already waived its claim to recover its own fees. In such circumstances, the Court would be awarding an unjust windfall because Defendant would

receive both the benefit of a dismissal of the lawsuit (in exchange for waiving its fees) <u>plus</u> the benefit of its fees in the form of sanctions. But "equity ... abhors a windfall". *Prudential Ins. Co. v. S.S. American Lancer,* 870 F.2d 867, 871 (2d Cir.1989).

Even though the Court can order Liebowitz to pay sanctions to the Clerk of Court (rather than to Defendant), Defendant avers that the Court's inherent power to sanction extends to situations where a party has waived its claim to fees. Defendant cites *Blauinsel Stiftung v. Sumitomo Corp.*, 88 F. App'x 443 (2d Cir. 2004) for the proposition that sanctions may be awarded after voluntary dismissal of the suit. However, unlike the present case, *Blausinsel* does not involve a situation where the party has waived its claim to attorneys' fees by way of stipulation. Accordingly, *Blausinsel* is inapposite.

Defendant also cites *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81 (2d Cir. 2009) for the proposition that arbitrators have the authority to award attorneys' fees as sanctions, even where both parties have agreed to bear the expenses of their own attorneys. But unlike the District Court's power, which is conferred by Article III of the Constitution, the arbitrator's authority is conferred by private contracts. In *ReliaStar Life Ins.,* the Second Circuit recognized that the inherent authority on arbitrators to sanction a party emanated from a broad arbitration clause. The Court of Appeals analyzed the specific arbitration clause at issue in that case. Such clause is not at issue here, and Defendant's attempt to analogize a Court's inherent power with an arbitrator's contractual authority should be rejected.

Because Defendant has waived its fees, the Court's fee award amounts to punitive rather than compensatory damages. In *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017), the Supreme Court held that sanctions under a federal court's inherent power,

when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. As per the Supreme Court:

> Federal courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27. One permissible sanction is an assessment of attorney's fees against a party that acts in bad faith. Such a sanction must be compensatory, rather than punitive, when imposed pursuant to civil procedures. See *Mine Workers v. Bagwell,* 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642. A sanction counts as compensatory only if it is "calibrate[d] to [the] damages caused by" the bad-faith acts on which it is based. *Id.,* at 834, 114 S.Ct. 2552. Hence the need for a court to establish a causal link between the litigant's misbehavior and legal fees paid by the opposing party. That kind of causal connection is appropriately framed as a but-for test, meaning a court may award only those fees that the innocent party would not have incurred in the absence of litigation misconduct.

*Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1182.

Here, because Defendant waived its claim to attorneys' fees by way of Stipulation and Order, the Court's imposition of sanctions in the form of attorneys' fees amounts to punitive, rather than compensatory damages.

## CONCLUSION

Based on the foregoing, and those arguments set forth in Plaintiff's principal brief, Plaintiff respectfully requests that the Court's fee award in the amount of $8,745.50 should be vacated in its entirety. The Court should reduce the monetary sanctions awarded to $2,000, to be payable to the Clerk of Court.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.

*Counsel for Plaintiff J.C. Rice*