UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
JOHN CURTIS RICE,                                                       :
                                                                        :
                                    Plaintiff,                          :
                                                                        :                    19-CV-447 (JMF)
                    -v-                                                  :
                                                                        :            MEMORANDUM OPINION
NBCUNIVERSAL MEDIA, LLC,                                                 :                 AND ORDER
                                                                        :
                                    Defendant.                          :
                                                                        :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 10, 2019, the Court entered an Opinion and Order sanctioning Richard

Liebowitz, counsel for Plaintiff, for his multiple and willful violations of the Court's orders.

*See Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808 (S.D.N.Y.

July 10, 2019).  As a sanction, the Court ordered Liebowitz and his law firm to pay Defendant

$8,745.50, the amount of attorney's fees incurred by Defendant as a result of Liebowitz's

failures to comply with the Court's orders.  *Id.* at \*6-\*7.

Liebowitz now moves for reconsideration.  *See* ECF No. 39; Fed. R. Civ. P. 60(b)(1);

S.D.N.Y. Local Civ. R. 6.3.  In support of his motion, Liebowitz initially argued that the Court

overlooked the parties' stipulation that "each party [would] bear its own costs, expenses, and

attorneys' fees."  ECF No. 23; ECF No. 40 ("Liebowitz Mem."), at 4-5.  According to

Liebowitz, because Defendant "waived" its right to attorney's fees by stipulation, the Court

could not impose fee-shifting sanctions — which would "amount[] to an unlawful double

recovery," *id.* at 4 — and the sanctions award should be vacated in its entirety.  *Id.* at 5.  In his

reply, however, Liebowitz changed tack, conceding (correctly) that Defendant's waiver of fees

has no bearing on the Court's authority to impose sanctions and that a monetary sanction payable

to the Clerk of Court would be appropriate in this case. ECF No. 44 ("Liebowitz Reply"), at 2-4.

Instead, it is the "form" of sanctions to which Liebowitz now objects. Specifically, he argues

that payment of fees to Defendant is impermissible because it is a "punitive," rather than a

"compensatory," sanction because the parties stipulated that each would be responsible for its

own fees. *See id.* (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1182 (2017)).

Accordingly, he argues, the Court should modify the sanctions order to require payment of

$2,000 (how he arrives at that figure is left unsaid) to the Clerk of Court. *See* Liebowitz Reply 4.

These arguments are both too little and too late. First, although Liebowitz did indeed

invoke the parties' stipulation in his initial response to the Court's Order to Show Cause, he did

so only in passing. ECF No. 26, ¶¶ 11-12. Moreover, after seeking and being granted leave to

file a reply, ECF No. 29, Liebowitz dropped the argument altogether — thereby abandoning it.

*See* ECF No. 30; *see also, e.g.*, *Archie MD, Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 516 n.2

(S.D.N.Y. 2017); *United States v. Evseroff*, No. 00-CV-06029 (KAM), 2014 WL 202563, at *2

n.4 (E.D.N.Y. Jan. 16, 2014). Second, at no point in his initial briefing did Liebowitz argue, as

he now does, that pegging the amount of sanctions to the fees incurred by Defendants would

make them impermissibly "punitive." Third, and in any event, there is no merit to the argument.

A sanction is compensatory "if it is calibrated to the damages caused by the bad-faith acts on

which it is based" — that is, "if it covers the legal bills that the litigation abuse occasioned," but

not "fees that would have been incurred without the misconduct." *Goodyear Tire & Rubber*, 137

S. Ct. at 1186 (internal quotation marks and alterations omitted). Here, the sanctions were

"calibrated" to do precisely that: They account for the seventeen hours of Defendant's work,

documented by billing records, that were caused by Liebowitz's misconduct. *See Rice*, 2019 WL

3000808, at *6; ECF No. 33 (time records). Thus, the sanctions do not encompass "fees that

would have been incurred without the misconduct," *Goodyear Tire & Rubber*, 137 S. Ct. at

1186, and cannot be considered "punitive." (Indeed, if anything, a higher award might well have

been justified because the $8,745 figure did not account for *the Court's* resources that were

wasted as a result of Liebowitz's sanctionable conduct.)

Because the *amount* of the sanction is not inappropriate, Liebowitz is left only with the

argument that the sanction was misdirected — that he should be required to pay the money to the

Court, not to Defendant. Liebowitz Reply 2, 4. But Liebowitz failed to make this argument in

his original reconsideration memorandum, and "[a]rguments first raised in reply memoranda are

not properly considered." *Johnson & Johnson v. Guidant Corp.*, 525 F. Supp. 2d 336, 359

(S.D.N.Y. 2007) (Lynch, J.) (internal quotation marks omitted); *see also, e.g.*, *United States v.*

*Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) ("[I]t is well-settled that we will not usually entertain

an argument made for the first time in a reply brief."); *Chevron Corp. v. Donziger*, 325 F. Supp.

3d 371, 379 n.21 (S.D.N.Y. 2018). Making matters worse, Liebowitz did not make this

argument in his initial briefing either, despite being on notice (by an order directing Defendant to

submit an accounting of its attorney's fees) that the Court might well require Liebowitz to

reimburse Defendant for its fees. *See* ECF No. 25, 30-33; *Wilder v. News Corp.*, No. 11-CV-

4947 (PGG), 2016 WL 5231819, at *4 (S.D.N.Y. Sept. 21, 2016) (noting that "[a] court must

narrowly construe and strictly apply Rule 6.3 so as to . . . prevent Rule 6.3 from being used to

advance different theories not previously argued") (internal quotation marks omitted).

Accordingly, this argument — made for the first time on the last page of a reply memorandum

on a motion for reconsideration — will not be considered.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (internal quotation marks omitted). Thus, a motion for reconsideration is not a vehicle to revive arguments that a party previously abandoned, let alone a vehicle to make new arguments. *See, e.g.*, *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2018 WL 3632500, at *1 (S.D.N.Y. July 30, 2018) ("A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also, e.g.*, *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." (internal quotation marks omitted)). Yet that is what Liebowitz seeks to do here. As he fails to point to anything that "might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), his motion for reconsideration is denied.[1] The Clerk of Court is directed to terminate Docket No. 39.

SO ORDERED.

Dated: August 8, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Defendant's perfunctory request — made only in a footnote — for an order requiring Liebowitz to pay the fees it incurred in briefing this motion is denied. *See* ECF No. 41, at 2 n.1.